UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMY DALTON | § | |
| and | § | |
| LINNEA KULLMAN | § | |
|    Plaintiffs, | § | |
| | § | Civil Action No. 1:14-cv-393 |
| v. | § | |
| | § | |
| CEDAR PARK JEWELRY, LLC | § | |
| | § | JURY DEMANDED |
| GEORGE RAY POE, Individually | § | |
| and | § | |
| PATRICIA POE, Individually | § | |
|    Defendants. | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, AMY DALTON and LINNEA KULLMAN, by and through their undersigned attorney of record, and sue Defendants, CEDAR PARK JEWELRY, LLC, GEORGE RAY POE, individually, and PATRICIA POE, individually, and in support thereof would show unto this Honorable Court as follows:

1. Plaintiffs bring this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiffs are individuals residing in Travis County, Texas.

3. Defendant, CEDAR PARK JEWELRY, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Williamson County, Texas.  This Defendant may be served by serving its registered agent George Ray Poe, 601 East Whitestone Blvd., Suite 112, Cedar Park, Texas  78613.

4. Defendant, GEORGE RAY POE, is an individual who may be served at 601 East Whitestone Blvd., Suite 112, Cedar Park, Texas  78613.

1

5. Defendant, PATRICIA POE, is an individual who may be served at 601 East Whitestone Blvd., Suite 112, Cedar Park, Texas  78613.

6. At all times relevant to this claim, Defendants GEORGE RAY POE and PATRICIA POE acted directly or indirectly in the interest of Defendant, CEDAR PARK JEWELRY, LLC, in relation to Plaintiffs' employment and were substantially in control of the terms and conditions of the Plaintiffs' work. Defendants GEORGE RAY POE and PATRICIA POE were employers of Plaintiffs as defined by 29 U.S.C. §203(d).

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, Title 28 U.S.C. §1337, and by Title 29 U.S.C. §216(b).  At all times pertinent to this complaint, CEDAR PARK JEWELRY, LLC, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiffs were each individually engaged in commerce and their work was essential to Defendants' business.

8. Venue is proper in this district under 28 U.S.C. § 1391.

9. Plaintiff AMY DALTON worked for Defendants from approximately January 2010 through January 2014 as a jewelry designer.

10. Plaintiff LINNEA KULLMAN worked for Defendants from approximately October  2010 through February 2014 as a salesperson.

11. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked in excess of forty (40) hours (overtime hours).

12. During one or more weeks of Plaintiffs' employment with Defendants wherein Plaintiffs worked overtime hours, Defendants failed to pay Plaintiffs one and one-half times their

regular rate of pay for each overtime hour worked.

13. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiffs' rights under the FLSA.

14. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

15. Plaintiffs seek and are entitled to an award of liquidated damages in an equal amount of the unpaid overtime pay pursuant to Section 216 of the Act.

16. Plaintiffs also seek compensation for expenses and costs of court that will be incurred in this action. Plaintiffs are also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiffs as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiffs pre-and post-judgment interest at the highest rates allowed. Plaintiffs further pray for any such other relief as the Court may find proper, whether at law or in equity.

### JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

By: /s/ David G. Langenfeld
**David G. Langenfeld**
State Bar No. 11911325

DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
E-mail: david@dunhamlaw.com

**ATTORNEYS FOR PLAINTIFFS**
